UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CRAIG HENDRY and <br> TYLER PIERCE, <br>       Plaintiffs, <br> Vs. <br> LAKE COUNTY, INDIANA, <br> OSCAR MARTINEZ, Sheriff of <br> Lake County, and JOSEPH KRAUS, <br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO: 2:24-cv-15 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Comes now Plaintiffs Craig Hendry and Tyler Pierce, by counsel, the Gladish Law Group, by David S. Gladish and Mark J. Schocke, and hereby states this cause of action against Defendants Lake County, Indiana, Oscar Martinez, Sheriff of Lake County, and Joseph Kraus, as follows:

### JURISDICITON

1. This case of action for damages based upon violations of the First Amendment to the United States Constitution pursuant to 42 U.S.C. §1983 as well as related state claims.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and 28 U.S.C. §1367.

### PARTIES

3. Plaintiff Craig Hendry is an adult resident of the Town of Farmersburg, Sullivan County, State of Indiana.

4. Plaintiff Tyler Pierce is an adult resident of the City of Linton, Greene County, State of Indiana.

1

5. Defendant Lake County, Indiana is a political subdivision of the State of Indiana.

6. Pursuant to I.C. §36-8-10-4, Defendant Lake County, Indiana established the Lake County Sheriff's Department, and its members are employees of Lake County, Indiana under this statute as well as I.C. §5-4-1-1.

7. Defendant Oscar Martinez was and is the Sheriff of Lake County at all times relevant and also has liability for the actions of Defendant Kraus pursuant to I.C. §5-6-1-3 and I.C. §36-2-16-3.

## GROUNDS FOR RELIEF

8. On or about June 27, 2022, Defendant Kraus was acting in his scope and capacity as deputy police officer for the Lake County Sheriff's Department at all times relevant to this claim.

9. That as part of his duties with the Lake County Sheriff's Department Defendant Kraus was required to go on calls, investigate complaints, take individuals into custody and transport individuals.

10. That on the date in question, Defendant Kraus, while acting in his capacity as a Lake County Sheriff Department's deputy police officer, came in contact with the Plaintiffs at the Lake County Government Complex located at 2293 N Main St, Crown Point, IN 46307 at 6:55 a.m.

11. That at said time and place, Plaintiffs were walking near Lake County Government Complex, including the surrounding parking lots adjacent to the Lake County Sheriff Department Building.

12. Upon arrival at the parking lot near the Lake County Sheriff Department, Plaintiffs activated their video cameras and began to take video footage of the parking lot area and police vehicles parked in said parking lot.

13. Shortly after their arrival at the parking lot adjacent to the Lake County Sheriff Department, Plaintiffs were confronted by Defendant Kraus and other unidentified officers, who began to question the Plaintiffs as to their purpose in the public parking lot.

14. In response to Plaintiffs' filming in the parking lot adjacent to the Lake County Sherrif Department building, which are protected speech under the First Amendment to the United States Constitution, a verbal altercation occurred which then led to Defendant Kraus verbally attacking Plaintiffs, wrongfully arresting the plaintiffs, and depriving the Plaintiffs of liberty in direct contravention of their constitutional rights.

15. Defendant Kraus proceeded to falsely arrest the Plaintiffs and file false criminal charges against Plaintiffs which was done maliciously since Defendant Kraus was aware that no criminal activity had occurred.

16. As a direct and approximate result of Defendant Kraus' actions as outlined above, Plaintiff sustained personal injuries as well as suffered severe emotional distress due to false arrest and violation of his civil rights.

17. On the 27th day of June 2022, Defendants Lake County, Indiana, Joseph Kraus, individually and in the capacity as a Lake County Police Officer, Oscar Martinez, Sheriff of Lake County and Albanese Confectionery Group, Inc. were served with a Tort Claim Notice by Certified Mail.

18. At all times relevant, Defendant Kraus was a police officer and had been hired to serve in this role by the Lake County Sherriff.

19. That Defendant, Lake County Sherriff. is responsible for the actions of its servant under a theory of *respondeat superior.*

20. That Defendant Kraus and other members of the Lake County Sheriff Department seized Plaintiffs cellular phones, which contained video footage of the Plaintiffs' actions prior to their arrest, which was exculpatory in nature.

21. Despite the exculpatory evidence collected by Defendant Kraus, he still filed charges against the Plaintiffs for trespass in a public parking lot.

22. Even though the footage was exculpatory in nature, Defendant Kraus proceeded with the Plaintiffs' arrests anyway in contradiction of *Brady v. Maryland*, 373 U.S. 83 (1963).

## CAUSES OF ACTION

23. As a result of the above, the Plaintiffs' First, Fourth and Fourteenth Amendment due process rights were violated by Defendant Kraus.

24. That Defendant Kraus knew at the time of the deprivation of the Plaintiff's constitutional rights that the constitution forbids such a willful deprivation of civil rights in the circumstances of this case.

25. That Defendant Kraus committed battery, false imprisonment and false arrest of Plaintiffs which Defendant Lake County, Indiana, Defendant Lake County Sheriff, Oscar Martinez, and Defendant Kraus are responsible for said damages resulting from these actions based upon *respondeat superior* and the statutes cited above.

26. That Defendant Kraus committed battery and/or intentional infliction of emotional distress upon the Plaintiff for which Defendant Lake County, Indiana and Defendant Lake County Sheriff, Oscar Martinez, are responsible for said damages resulting from these actions based upon *respondeat superior*, negligent hiring, negligent supervision, and negligent retention, as well as the statute cited above.

27. That Defendants are liable pursuant to 42 U.S.C. §1983 for Malicious Prosecution of Plaintiffs.

28. Defendants Lake County Indiana and Sheriff Oscar Martinez negligently retained, hired, supervised, and trained Defendant Kraus.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Craig Hendry and Tyler Pierce demand the following relief against the Defendants Joseph Kraus, Lake County, Indiana, and Lake County Sheriff Oscar Martinez as follows:

    a. Compensatory damages for the Plaintiff's injuries sustained pursuant to state cause of action;

    b. Compensatory damages for deprivation of his civil rights;

    c. Award Punitive damages against Defendant Kraus;

    d. Reasonable attorney fees, together with costs and expenses of litigation pursuant to 42 U.S.C. §1988;

    e. Just compensation for injuries and damages sustained by the Plaintiff including damages for the intention of infliction of emotional distress; and

    f. All other just and proper relief in the premises.

## JURY DEMAND

Plaintiffs demand trial by jury.

*/s/Mark J. Schocke*  
MARK J. SCHOCKE, #29746-45  
Gladish Law Group  
3235 45th Street  
Highland, IN  46322  
(219) 838-1900

*/s/ David Gladish*  
DAVID S. GLADISH, #18653-45  
Gladish Law Group  
3235 45th Street  
Highland, IN  46322  
(219) 838-1900