## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| CRAIG HENDRY and TYLER PIERCE,,<br><br>*Plaintiffs*,<br>v.<br><br>LAKE COUNTY, INDIANA, OSCAR MARTINEZ, Sheriff of Lake County, and JOSEPH KRAUS,<br><br>*Defendants*. | Case No.: 2:24-CV-15<br><br>District Judge: Philip P. Simon<br>Magistrate Judge: John E. Martin |

## ANSWER BY JOSEPH KRAUS

The Defendant, **JOSEPH KRAUS**, by counsel Casey J. McCloskey, answers the Complaint filed in this matter, as follows:

### JURISDICTION

1. This case of action for damages based upon violations of the First Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 as well as related state claims.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

### PARTIES

3. Plaintiff Craig Hendry is an adult resident of the Town of Farmersburg, Sullivan County, State of Indiana.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

4. Plaintiff Tyler Pierce is an adult resident of the City of Linton, Greene County, State of Indiana.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

5. Defendant Lake County, Indiana is a political subdivision of the State of Indiana.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

6. Pursuant to I.C. §36-8-10-4, Defendant Lake County, Indiana established the Lake County Sheriff's Department, and its members are employees of Lake County, Indiana under this statute as well as I.C. §5-4-1-1.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

7. Defendant Oscar Martinez was and is the Sheriff of Lake County at all times relevant and also has liability for the actions of Defendant Kraus pursuant to I.e. §5-6-1-3 and I.C. §36-2-16-3.

**ANSWER:** Defendant ADMITS that Oscar Martinez been the duly elected and qualified Sheriff of Lake County, Indiana since on or about September 16, 2017. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this rhetorical paragraph and therefore DENIES same.

## GROUNDS FOR RELIEF

8. On or about June 27, 2022, Defendant Kraus was acting in his scope and capacity as deputy police officer for the Lake County Sheriff's Department at all times relevant to this claim.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

9. That as part of his duties with the Lake County Sheriff's Department Defendant Kraus was required to go on calls, investigate complaints, take individuals into custody and transport individuals.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

10. That on the date in question, Defendant Kraus, while acting in his capacity as a Lake County Sheriff Department's deputy police officer, came in contact with the Plaintiffs at the Lake County Government Complex located at 2293 N Main St, Crown Point, IN 46307 at 6:55 a.m.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

11. That at said time and place, Plaintiffs were walking near Lake County Government Complex, including the surrounding parking lots adjacent to the Lake County Sheriff Department Building.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

12. Upon arrival at the parking lot near the Lake County Sheriff Department, Plaintiffs activated their video cameras and began to take video footage of the parking lot area and police vehicles parked in said parking lot.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

13. Shortly after their arrival at the parking lot adjacent to the Lake County Sheriff Department, Plaintiffs were confronted by Defendant Kraus and other unidentified officers, who began to question the Plaintiffs as to their purpose in the public parking lot.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

14. In response to Plaintiffs' filming in the parking lot adjacent to the Lake County Sheriff Department building, which are protected speech under the First Amendment to the United States Constitution, a verbal altercation occurred which then led to Defendant Kraus verbally attacking Plaintiffs, wrongfully arresting the plaintiffs, and depriving the Plaintiffs of liberty in direct

contravention of their constitutional rights.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

15. Defendant Kraus proceeded to falsely arrest the Plaintiffs and file false criminal charges against Plaintiffs which was done maliciously since Defendant Kraus was aware that no criminal activity had occurred.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

16. As a direct and approximate result of Defendant Kraus' actions as outlined above, Plaintiff sustained personal injuries as well as suffered severe emotional distress due to false arrest and violation of his civil rights.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

17. On the 27th day of June 2022, Defendants Lake County, Indiana, Joseph Kraus, individually and in the capacity as a Lake County Police Officer, Oscar Martinez, Sheriff of Lake County and Albanese Confectionery Group, Inc. were served with a Tort Claim Notice by Certified Mail.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

18. At all times relevant, Defendant Kraus was a police officer and had been hired to serve in this role by the Lake County Sheriff.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

19. That Defendant, Lake County Sheriff. is responsible for the actions of its servant under a theory of *respondeat superior*.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

20. That Defendant Kraus and other members of the Lake County Sheriff Department seized Plaintiffs cellular phones, which contained video footage of the Plaintiffs' actions prior to their arrest, which was exculpatory in nature.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

21. Despite the exculpatory evidence collected by Defendant Kraus, he still filed charges against the Plaintiffs for trespass in a public parking lot.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

22. Even though the footage was exculpatory in nature, Defendant Kraus proceeded with the Plaintiffs' arrests anyway in contradiction of *Brady v. Maryland*, 373 U.S. 83 (1963).

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

## CAUSES OF ACTION

23. As a result of the above, the Plaintiffs' First, Fourth and Fourteenth Amendment due process rights were violated by Defendant Kraus.

**ANSWER:** Defendant DENIES these allegations.

24. That Defendant Kraus knew at the time of the deprivation of the Plaintiff's constitutional rights that the constitution forbids such a willful deprivation of civil rights in the circumstances of this case.

**ANSWER:** Defendant DENIES these allegations.

25. That Defendant Kraus committed battery, false imprisonment and false arrest of Plaintiffs which Defendant Lake County, Indiana, Defendant Lake County Sheriff, Oscar Martinez, and Defendant Kraus are responsible for said damages resulting from these actions based upon *respondeat superior* and the statutes cited above.

**ANSWER:** Defendant DENIES these allegations.

26. That Defendant Kraus committed battery and/or intentional infliction of emotional distress upon the Plaintiff for which Defendant Lake County, Indiana and Defendant Lake County Sheriff, Oscar Martinez, are responsible for said damages resulting from these actions based upon respondeat superior, negligent hiring, negligent supervision, and negligent retention, as well as the statute cited above.

**ANSWER:** Defendant DENIES these allegations.

27. That Defendants are liable pursuant to 42 U.S.C. § 1983 for Malicious Prosecution of Plaintiffs.

**ANSWER:** Defendant DENIES these allegations.

28. Defendants Lake County Indiana and Sheriff Oscar Martinez negligently retained, hired, supervised, and trained Defendant Kraus.

**ANSWER:** Defendant DENIES these allegations.

WHEREFORE, Defendant, JOSEPH KRAUSE, prays that Plaintiffs take nothing by way of their Complaint, that judgment be entered in favor of Defendant and against Plaintiffs on all claims, that Defendant be granted all relief, including costs and attorney fees, to the extent entitled under the law, Rule 11, I.C. 34-13-3-21 and/or I.C. 34-13-4-4, and for all other just and proper relief under the premises.

/s/ Casey J. McCloskey
Casey J. McCloskey, #18766-45
Attorney at :aw
9111 Broadway, Suite GG
Merrillville, IN 46410
Ph:    (219) 738-2978
Fax:   (219) 979-6714
Email: attymcloskey@hotmail.com

## AFFIRMATIVE DEFENSES

Comes now Defendant, JOSEPH KRAUS, by counsel, Casey J. McCloskey, and asserts each of the following as affirmative defenses:

1. Each rhetorical paragraph, or part thereof, in the Complaint not heretofore specifically admitted or denied is hereby DENIED.

2. The Complaint fails to state a claim upon which relief may be granted.

3. Plaintiff's claims are not entitled to judicial enforcement as the Complaint and each respective count therein should be dismissed under FRCP 12(b)(6) for failure to state a cause of action.

4. Plaintiffs have failed to state a cause of action against the Defendant in either his official or individual capacities and therefore the Complaint herein should be dismissed.

5. Plaintiffs have failed to state a cause of action by and against the Defendant pursuant to the First or Fourteenth Amendments to the U.S. Constitution and therefore the Complaint should be dismissed.

6. Plaintiffs' Complaint fails to properly assert a claim under *42 U.S.C. § 1983* or other federal law and there is a lack of subject matter jurisdiction pursuant to *28 U.S.C. 1331 and 1343(3)* to support Plaintiff's state law claims.

7. The Plaintiffs were not deprived of any constitutional right, privilege or immunity without due process of law.

8. The statements or actions alleged by the Plaintiffs were not protected speech under the 1st Amendment of the U.S. Constitution as the statements were motivated by private interests or concerns and/or were not matters touching upon the public interest.

9. The remoteness between the speech or conduct of the Plaintiffs alleged to be "protected" under the 1st Amendment, and the acts of the Defendant's alleged actions in retaliation thereto, render the Defendant conduct non-retaliatory as a matter of law.

10. The actions of the answering Defendant herein, or any of his agents, servants or employees, were objectively reasonable and did not violate any clearly established right, rule or principal of federal law a reasonable person would have known.

11. The allegations contained in Plaintiffs' Complaint are subject to and barred by the doctrine of *qualified immunity* as the alleged acts or omissions of the answering Defendant did not violate any objectively and clearly established right of the Plaintiffs.

12. The Defendant is entitled to *discretionary function immunity* as the acts or omissions of the Defendant alleged in the Complaint were a legitimate law enforcement function and/or discretionary function of a law enforcement officer.  (*I.C. 34-13-3-3*).

13. The Plaintiffs' constitutional rights were not violated as the actions of the Defendant were for a legitimate governmental purpose and did not violate any rights or immunities guaranteed, or protected, under federal or state law.

14. The Defendant is immune from suit for or award of punitive damages under both federal and state law.

15. Any claim of the Plaintiffs for defamation, libel or slander and/or damage to his reputations fails to state a cause of action under federal law and should be dismissed. (See *Hojnacki v. Klein-Acosta*, 285 F.3d 544, 548 (7th Cir., 2002) "A person does not have a protectable liberty or property interest in her reputation and mere defamation by the government does not deprive a person of "liberty" protected by the Fourteenth Amendment, even when it causes "serious impairment of [one's] future employment," *Siegert v. Gilley,* 500 U.S. 226, 234, 114 L. Ed. 2d 277, 111 S. Ct. 1789 (1991) and *Paul v. Davis*, 424 U.S. 693, 701, 711-12, 47 L. Ed. 2d 405, 96 S. Ct. 1155 (1976)).

16. Plaintiffs' failure to comply with the provisions of the Indiana Tort Claims Act, I.C. 34-13-3, *et. seq.,* bars the state law claims asserted against the Defendants.

17. Plaintiffs' state law claims are subject to and/or barred by the immunity provisions provided under the Indiana Tort Claims Act, I.C. 34-13-3-3, *et seq.*.

18. All damages sought by the Plaintiffs on state law claims are subject to and limited by the Indiana Tort Claims Act including, but not limited to, I.C. 34-13-3-1 and 4.

19. The allegations under *42 U.S.C. §1983* fail to state a claim against the Defendant because the Complaint does not contain sufficient allegations of any official policy, custom or practice, or breach thereof, by the Defendant.

20. The Defendant is entitled to *absolute or qualified immunity* to the claims and relief contained in the Complaint.

21. The Plaintiffs are not entitled to attorneys fees under the provisions of 42 U.S.C. § 1988 or 42 U.S.C. § 1983.

22. The Defendant is entitled to an award of attorney fees and costs under I.C. 34-13-3-21 or any other applicable law.

23. The Defendant is entitled to a credit or set-off for any and all collateral source payments made to the Plaintiffs.

24. The Plaintiffs failed to timely serve a "Tort Claim Notice" upon the Defendant as required by the Indiana Tort Claims Act. *see e.g.*, I.C. §34-13-3-8 and I.C. §34-13-3-10.

25. The Defendant is immune from liability on all state law claims pursuant to the Indiana Tort Claims Act, I.C. § 34-13-3-1, *et seq.*.

26. The Plaintiffs' claims for damages under tort or otherwise are barred against the answering Defendant pursuant to I.C. 34-51-2.

27. Plaintiff is not entitled to any relief for intentional infliction of emotional distress as the Defendants did not intentionally or recklessly engage in any extreme and outrageous behavior which caused severe emotional distress to the plaintiff." *Cullison v. Medley, 570 N.E. 2d 27, 31 (Ind. 1991)*.

28. The answering Defendant adopts all affirmative defenses asserted by the co-defendants, and hereby reserves the right to allege other defenses and/or amend this Answer consistent with the knowledge or information that may be forthcoming during discovery in this action.

WHEREFORE, Defendant, **JOSEPH KRAUS**, prays that Plaintiffs take nothing by way of their Complaint, that judgment be entered in favor of the Defendant and against Plaintiffs on all claims, that Defendant be granted all relief, including costs and attorney fees, to the extent entitled under the law, Rule 11, I.C. 34-13-3-21 and/or I.C. 34-13-4-4, and for all other just and proper relief under the premises.

/s/ Casey J. McCloskey
Casey J. McCloskey, #18766-45
Attorney at Law
9111 Broadway, Suite GG

                Merrillville, IN 46410
                Ph: (219) 738-2978
                Fax: (219) 979-6714
                Email: attymccloskey@hotmail.com

### JURY DEMAND

Pursuant FRCP Rule 38, Defendant hereby demands the right to trial by jury on all issues.

                /s/ Casey J. McCloskey
                Casey J. McCloskey, #18766-45
                Attorney at Law
                9111 Broadway, Suite GG
                Merrillville, IN 46410
                Ph: (219) 738-2978
                Fax: (219) 979-6714
                Email: attymccloskey@hotmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on **March 4, 2024**, a true and accurate copy of the above pleading or document was served upon all counsel and parties of record via U.S. Mail, in envelopes properly addressed with sufficient first-class postage affixed, and/or by electronic facsimile, email or the court's electronic case filing (ECF) system.

                /s/ Casey J. McCloskey
                Casey J. McCloskey, #18766-45

Service List:

David S. Gladish - david@davidgladish.com
Mark J. Schocke - mark@davidgladish.com
John M. Kopack - john@kopack-law.com
Anthony W. Overholt - aoverholt@fbtlaw.com