## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| CRAIG HENDRY and<br>TYLER PIERCE,,<br><br>     *Plaintiffs*,<br><br>v.<br><br>LAKE COUNTY, INDIANA, OSCAR<br>MARTINEZ, Sheriff of Lake County, and<br>JOSEPH KRAUS,<br><br>     *Defendants*. | Case No.:  2:24-CV-15<br><br>District Judge: Philip P. Simon<br>Magistrate Judge: John E. Martin |

## ANSWER BY SHERIFF OSCAR MARTINEZ

The Defendant, SHERIFF OSCAR MARTINEZ, by counsel John M. Kopack, answers the

Complaint filed in this matter, as follows:

### Jurisdiction.

1.      This case of action for damages based upon violations of the First Amendment to the

United States Constitution pursuant to 42 U.S.C. § 1983 as well as related state claims.

**Answer:**      Defendant lacks sufficient knowledge or information to form a belief about the truth
of the allegations contained in this rhetorical paragraph and therefore DENIES same.

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

**Answer:**      Defendant lacks sufficient knowledge or information to form a belief about the truth
of the allegations contained in this rhetorical paragraph and therefore DENIES same.

### Parties.

3.      Plaintiff Craig Hendry is an adult resident of the Town of Farmersburg, Sullivan

County, State of Indiana.

**Answer:**      Defendant lacks sufficient knowledge or information to form a belief about the truth
of the allegations contained in this rhetorical paragraph and therefore DENIES same.

4.      Plaintiff Tyler Pierce is an adult resident of the City of Linton, Greene County, State

of Indiana.

**Answer:**      Defendant lacks sufficient knowledge or information to form a belief about the truth
of the allegations contained in this rhetorical paragraph and therefore DENIES same.

5.      Defendant Lake County, Indiana is a political subdivision of the State of Indiana.

**Answer:**      Defendant ADMITS that: under I.C. 36-1-2-23 a county is defined as a "Unit"; under
I.C. 36-1-2-10 a Unit is defined as a "Municipal Corporation"; and that under I.C. 36-
1-2-113, Municipal Corporations are "Political Subdivision." Defendant lacks
sufficient knowledge or information to form a belief about the truth of the remaining
allegations in this rhetorical paragraph and therefore DENIES same.

6.      Pursuant to I.C. §36-8-10-4, Defendant Lake County, Indiana established the Lake

County Sheriff's Department, and its members are employees of Lake County, Indiana under this

statute as well as I.C. §5-4-1-1.

**Answer:**      Defendant lacks sufficient knowledge or information to form a belief about the truth
of the allegations contained in this rhetorical paragraph and therefore DENIES same.

7.      Defendant Oscar Martinez was and is the Sheriff of Lake County at all times relevant

and also has liability for the actions of Defendant Kraus pursuant to I.e. §5-6-1-3 and I.C. §36-2-16-

3.

**Answer:**      Defendant ADMITS Oscar Martinez is and has been the duly elected and qualified
Sheriff of Lake County, Indiana since on or about September 16, 2017.  Defendant
lacks sufficient knowledge or information to form a belief about the truth of the
remaining allegations in this rhetorical paragraph and therefore DENIES same.

**Grounds For Relief.**

8.      On or about June 27, 2022, Defendant Kraus was acting in his scope and capacity as

deputy police officer for the Lake County Sheriff's Department at all times relevant to this claim.

**Answer:**      Defendant lacks sufficient knowledge or information to form a belief about the truth
of the allegations in this rhetorical paragraph and therefore DENIES same.

9.      That as part of his duties with the Lake County Sheriff's Department Defendant Kraus was required to go on calls, investigate complaints, take individuals into custody and transport individuals.

**Answer:**      Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

10.      That on the date in question, Defendant Kraus, while acting in his capacity as a Lake County Sheriff Department's deputy police officer, came in contact with the Plaintiffs at the Lake County Government Complex located at 2293 N Main St, Crown Point, IN 46307at 6:55 a.m.

**Answer:**      Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

11.      That at said time and place, Plaintiffs were walking near Lake County Government Complex, including the surrounding parking lots adjacent to the Lake County Sheriff Department Building.

**Answer:**      Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

12.      Upon arrival at the parking lot near the Lake County Sheriff Department, Plaintiffs activated their video cameras and began to take video footage of the parking lot area and police vehicles parked in said parking lot.

**Answer:**      Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

13.      Shortly after their arrival at the parking lot adjacent to the Lake County Sheriff Department, Plaintiffs were confronted by Defendant Kraus and other unidentified officers, who began to question the Plaintiffs as to their purpose in the public parking lot.

**Answer:**      Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

14.    In response to Plaintiffs' filming in the parking lot adjacent to the Lake County Sheriff Department building, which are protected speech under the First Amendment to the United States Constitution, a verbal altercation occurred which then led to Defendant Kraus verbally attacking Plaintiffs, wrongfully arresting the plaintiffs, and depriving the Plaintiffs of liberty in direct contravention of their constitutional rights.

**Answer:**     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

15.    Defendant Kraus proceeded to falsely arrest the Plaintiffs and file false criminal charges against Plaintiffs which was done maliciously since Defendant Kraus was aware that no criminal activity had occurred.

**Answer:**     Defendant DENIES these allegations.

16.    As a direct and approximate result of Defendant Kraus' actions as outlined above, Plaintiff sustained personal injuries as well as suffered severe emotional distress due to false arrest and violation of his civil rights.

**Answer:**     Defendant DENIES these allegations.

17.    On the 27th day of June 2022, Defendants Lake County, Indiana, Joseph Kraus, individually and in the capacity as a Lake County Police Officer, Oscar Martinez, Sheriff of Lake County and Albanese Confectionery Group, Inc. were served with a Tort Claim Notice by Certified Mail.

**Answer:**     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

18.     At all times relevant, Defendant Kraus was a police officer and had been hired to serve in this role by the Lake County Sheriff.

**Answer:**     Defendant ADMITS Joseph Kraus is and has been a Lake County Police Officer since he was hired by the Lake County Sheriff's Merit Board on or about March 7, 2005. The Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this rhetorical paragraph and therefore DENIES same.

19.     That Defendant, Lake County Sheriff. is responsible for the actions of its servant under a theory of *respondeat superior*.

**Answer:**     Defendant DENIES these allegations.

20.     That Defendant Kraus and other members of the Lake County Sheriff Department seized Plaintiffs cellular phones, which contained video footage of the Plaintiffs' actions prior to their arrest, which was exculpatory in nature.

**Answer:**     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

21.     Despite the exculpatory evidence collected by Defendant Kraus, he still filed charges against the Plaintiffs for trespass in a public parking lot.

**Answer:**     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

22.     Even though the footage was exculpatory in nature, Defendant Kraus proceeded with the Plaintiffs' arrests anyway in contradiction of *Brady v. Maryland*, 373 U.S. 83 (1963).

**Answer:**     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this rhetorical paragraph and therefore DENIES same.

**Causes Of Action.**

23.     As a result of the above, the Plaintiffs' First, Fourth and Fourteenth Amendment due process rights were violated by Defendant Kraus.

**Answer:**     Defendant DENIES these allegations.

24.     That Defendant Kraus knew at the time of the deprivation of the Plaintiff's constitutional rights that the constitution forbids such a willful deprivation of civil rights in the circumstances of this case.

**Answer:**     Defendant DENIES these allegations.

25.     That Defendant Kraus committed battery, false imprisonment and false arrest of Plaintiffs which Defendant Lake County, Indiana, Defendant Lake County Sheriff, Oscar Martinez, and Defendant Kraus are responsible for said damages resulting from these actions based upon *respondeat superior* and the statutes cited above.

**Answer:**     Defendant DENIES these allegations.

26.     That Defendant Kraus committed battery and/or intentional infliction of emotional distress upon the Plaintiff for which Defendant Lake County, Indiana and Defendant Lake County Sheriff, Oscar Martinez, are responsible for said damages resulting from these actions based upon respondeat superior, negligent hiring, negligent supervision, and negligent retention, as well as the statute cited above.

**Answer:**     Defendant DENIES these allegations.

27.     That Defendants are liable pursuant to 42 U.S.C. § 1983 for Malicious Prosecution of Plaintiffs.

**Answer:**     Defendant DENIES these allegations.

28.     Defendants Lake County Indiana and Sheriff Oscar Martinez negligently retained, hired, supervised, and trained Defendant Kraus.

**Answer:**     Defendant DENIES these allegations.

WHEREFORE, Defendant, OSCAR MARTINEZ, JR., prays that Plaintiffs take nothing by way of their Complaint, that judgment be entered in favor of Defendant and against Plaintiffs on all claims, that Defendant be granted all relief, including costs and attorney fees, to the extent entitled under the law, Rule 11, I.C. 34-13-3-21 and/or I.C. 34-13-4-4, and for all other just and proper relief under the premises.

/s/ John M. Kopack
John M. Kopack, # 5302-45
Kopack & Associates
9111 Broadway, Suite GG
Merrillville, IN 46410
Ph:     (219) 738-2978
Fax:    (219) 979-6714
Email: john@kopack-law.com

## Affirmative Defenses

Comes now Defendant, OSCAR MARTINEZ, JR., Sheriff of Lake County, by counsel, John M. Kopack, and asserts each of the following as affirmative defenses:

1.     Each rhetorical paragraph, or part thereof, in the Complaint not heretofore specifically admitted or denied is hereby DENIED.

2.     Plaintiff's claims are not entitled to judicial enforcement as the Complaint and each respective count therein should be dismissed under FRCP 12(b)(6) for failure to state a claim for which relief can be granted.

3.      Plaintiffs have failed to state a cause of action by and against the Defendant pursuant to the First or Fourteenth Amendments to the U.S. Constitution and therefore the Complaint should be dismissed.

4.      Plaintiffs' Complaint fails to properly assert a claim under *42 U.S.C. § 1983* or federal law and there is a lack of subject matter jurisdiction pursuant to *28 U.S.C. 1331 and 1343(3)* to support the Plaintiffs state law claims.

5.      The statements or actions alleged by the Plaintiffs were not protected speech under the 1st Amendment of the U.S. Constitution as the statements were motivated by private interests or concerns and/or were not matters touching upon the public interest.

6.      The Plaintiffs are self-proclaimed "First Amendment Auditors" who voluntarily engaged in and attempted to incite verbal and physical altercations with police officers and/or other public officials for profit, notoriety, and personal gain.

7.      The remoteness between the speech or conduct of the Plaintiffs alleged to be "protected" under the 1st Amendment, and the acts of the Defendant's alleged in retaliation thereto, render the Defendant conduct non-retaliatory as a matter of law.

8.      The actions of the answering Defendant, or any of his agents, servants or employees, were objectively reasonable and did not violate any clearly established right, rule or principal of federal law that a reasonable law enforcement officer would have known. Hence, the Plaintiffs' claims in the Complaint are subject to and barred by the doctrine of *qualified immunity* as the alleged acts or omissions of the answering Defendant did not violate any objectively and clearly established rights of the Plaintiffs.

9.      The Defendant is entitled to *discretionary function immunity* as the actions of the Defendant were for a legitimate governmental purpose and did not violate any rights or immunities guaranteed or protected under federal or state law.

10.     The Defendant was not personally involved in the actions complained of in the Complaint, therefore no federal or state liability can attach to the Defendant.

11.     Any claims by the Plaintiffs for defamation, libel, or slander, or damage to their respective reputations fails to state a cause of action under federal law and should be dismissed. (See *Hojnacki v. Klein-Acosta*, 285 F.3d 544, 548 (7th Cir., 2002) "A person does not have a protectable liberty or property interest in her reputation and mere defamation by the government does not deprive a person of "liberty" protected by the Fourteenth Amendment, even when it causes "serious impairment of [one's] future employment," *Siegert v. Gilley,* 500 U.S. 226, 234, 114 L. Ed. 2d 277, 111 S. Ct. 1789 (1991) and *Paul v. Davis*, 424 U.S. 693, 701, 711-12, 47 L. Ed. 2d 405, 96 S. Ct. 1155 (1976)).

12.     The Complaint is not entitled to judicial enforcement to the extend the Plaintiffs failed to exhaust any applicable state judicial and/or administrative remedies, as such failure deprives the court of jurisdiction over the claims and the parties hereto.  (*Parratt v. Taylor*, 101 S.Ct. 1908, 1913 (1981); *State Bank of St. Charles v. Camic*, 712 F.2d 1140 (7th Cir. 1983) *cert. denied* 104 S.Ct. 491 (1983).)

13.     Plaintiffs' claims against the Defendant are subject to and may be barred by the doctrines of: (a) contributory negligence; (b) assumption of risk; (c) incurred risk; (d) failure to avoid injury and (e) failure to mitigate damages.

14.     Plaintiffs cannot recover on claims against the Defendant under *42 U.S.C.§ 1983* that resulted from isolated unconstitutional acts of his employees or from a constitutional harm or injury that was not the direct and proximate result of an established policy, custom or practice of the Defendant. *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

15.     Plaintiffs' claims under 42 U.S.C. § 1983 are not actionable because no policy, custom or practice of the Defendant was a "direct cause" or "moving force" behind any of the alleged unconstitutional acts alleged in this action. *Estate of Novack v. County of Wood,* 226 F.3d 525, 530 (7th Cir. 2000).

16.     Defendant is not subject to the doctrine of "*respondeat superior*" for claims arising under 42 U.S.C. § 1983 and cannot be held vicariously liable for the conduct of subordinates that may have violated Plaintiffs' constitutional rights. (*Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001*).

17.     Plaintiffs' claims fail as the actions of the Defendant Officer(s) were pursuant to probable cause and/or arguable probable cause. *(Juriss v. McGowan,* 957 F.2d 345, 349 n.l (7th Cir. 1992); (*Turner v. Sheriff of Marion County,* 94 F. Supp. 2d 966, 995 (S.D. Ind. 2000)).

18.     Some or all of Plaintiffs' claims may be barred by waiver.

19.     Some or all of Plaintiffs' claims may be barred by estoppel.

20.     Some or all of Plaintiffs' claims may be barred by the doctrine of laches.

21.     Some or all of Plaintiffs' claims may be barred by the doctrines of release and/or accord and satisfaction.

22.     Some or all of Plaintiffs' claims may be barred by the doctrines of res judicata, claims or issue preclusion, collateral estoppel, and judicial estoppel, including any claims that were or could have been adjudicated in other Courts, agencies, or forums of proper jurisdiction.

23.     Plaintiffs' claims and injuries proximately resulted from unforeseeable circumstances and/or superseding or intervening acts and omissions of third or non-parties.

24.     Defendant is not responsible or liable in damages for any act by a Defendant Police Officer that occurred outside the scope of their employment or that violated a criminal law. (Ind. Code § 34-13-4-1; § 34-13-3-5; Lake County Ordinance 1285-B3).

25.     Defendant did not aid, abet, condone, encourage, or acquiesce in any of the alleged misconduct by any subordinate.

26.     The Defendant is not an "employer" of the Defendant police officer(s) as that term is defined by the federal and state law applicable to the claims in this action. The Lake County Sheriff's Department is not the "employer" of county police officers, as all members of the Lake County Police Force are "employees" of the County of Lake. (See I.C. § 36-8-10-4(a); *Riley v. Lake Cty.*, No. 2:17 CV 368, 2018 U.S. Dist. LEXIS 110837, at *6 (N.D. Ind. July 3, 2018).

27.     Plaintiffs are barred by operation of law from recovering punitive damages against the Defendant on claims asserted under 42 U.S.C. § 1983. See *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981) (municipalities may not be assessed punitive damages under § 1983).

28.     The Plaintiffs are barred by operation of law from recovering punitive damages against the Defendant on all state law claims. (Ind. Code § 34-13-3-4).

29.     The Defendant has no supervisory liability for the actions of subordinates as a matter of law. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

30.     Some or all of the injuries claimed by Plaintiffs were the proximate cause result of a pre-existing condition.

31.     Any claims for intentional infliction of emotional distress fail as the Defendant did not intentionally or recklessly engage in any extreme and outrageous behavior which caused severe emotional distress to the plaintiff." *Cullison v. Medley, 570 N.E. 2d 27, 31 (Ind. 1991)*.

32.     The Plaintiffs' state law claims are barred to the extent they failed to meet the pre-suit notice provisions of the Indiana Tort Claims Act ("ITCA"). Ind. Code §34-13-3-1, *et seq*.

33.     All state law tort claims related to any act or omission that occurred more than 180 days before delivery of a tort claim notice, are barred by the ITCA as a matter of law.

34.     The damages sought by each Plaintiff for any state law claims are subject to and limited by the Indiana Tort Claims Act including, but not limited to, I.C. 34-13-3-1 and 4.

35.     Plaintiffs' state law claims are subject to the aggregate limits on damages recoverable under the ITCA. See Ind. Code § 34-13-3-4(a)(1)(C).

36.     Plaintiffs state law claims are subject to the common law, constitutional, and statutory privileges and immunities of Indiana law and the Indiana Tort Claims Act, I.C. 34-13-3-1, *et. seq.*, including but not limited to I.C. § 34-13-3-3(6), (7), (8), (9), (10) and (14).

37.     Plaintiffs' claims are barred to the extent they filed bankruptcy and failed to properly and timely disclose the claims in this asserted in this action to the bankruptcy court.

38.     Plaintiffs are barred by law from making a double recovery and Defendant is entitled to a credit or set-off for all amounts due or paid to each Plaintiff by way of any collateral source, judgment, settlement, or amount paid by any party or non-party.

39.     The Defendant, Lake County Sheriff, is a constitutional officer in the State of Indiana, Ind. Const. Article 6 § 2, and is therefore entitled to *absolute immunity* to the claims and the relief sought in the Complaint.

40.     The Defendant is entitled to an award of attorney fees and costs under I.C. 34-13-3-21 or other applicable law.

41.     The Plaintiffs' claims asserted in this lawsuit are subject to and may be barred, in whole or in part, under Ind. Code § 34-51-2, et. seq.

42.     All or some of the claims against the Defendant are without merit or justification and/or are frivolous, unreasonable or groundless and entitle Defendant to an award of attorney fees and costs under 42 U.S.C. § 1988, I.C. § 34-13-3-21, and other applicable law.

43.     In addition to each of the defenses plead above, the Defendant hereby adopts by reference each affirmative defense raised or plead by each co-defendant that is not stated above.

44.     The answering Defendant reserves the right to allege other defenses and/or amend this Answer consistent with the knowledge or information that may be forthcoming during discovery in this action.

WHEREFORE, Defendant, OSCAR MARTINEZ, JR., prays that Plaintiffs take nothing by way of their Complaint, that judgment be entered in favor of the Defendant and against Plaintiffs on all claims, that Defendant be granted all relief, including costs and attorney fees, to the extent entitled under the law, Rule 11, I.C. 34-13-3-21 and/or I.C. 34-13-4-4, and for all other just and proper relief under the premises.

/s/ John M. Kopack
John M. Kopack, # 5302-45
Kopack & Associates
9111 Broadway, Suite GG
Merrillville, IN 46410
Ph:     (219) 738-2978
Fax:    (219) 979-6714
Email: john@kopack-law.com

**Jury Demand**

Pursuant to FRCP 38, Defendant hereby demands the right to trial by jury on all issues triable before a jury.

/s/ John M. Kopack
John M. Kopack, # 5302-45
Kopack & Associates
9111 Broadway, Suite GG
Merrillville, IN 46410
Ph:     (219) 738-2978
Fax:    (219) 979-6714
Email: john@kopack-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **March 4, 2024**, a true and accurate copy of the above pleading or document was served upon all counsel and parties of record via U.S. Mail, in envelopes properly addressed with sufficient first-class postage affixed, and/or by electronic facsimile, email or the court's electronic case filing (ECF) system.

/s/  John M. Kopack
John M. Kopack, #5302-45

Service List:

David S. Gladish - david@davidgladish.com
Mark J. Schocke - mark@davidgladish.com
Casey J. McCloskey - attymccloskey@hotmail.com
Anthony W. Overholt - aoverholt@fbtlaw.com