# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CRAIG HENDRY and TYLER PIERCE,<br><br>Plaintiffs,<br><br>v.<br><br>LAKE COUNTY, INDIANA, OSCAR MARTINEZ, Sheriff of Lake County, and JOSEPH KRAUS,<br><br>Defendants. | Case No. 2:24-cv-00015-PPS-JEM |

## LAKE COUNTY, INDIANA'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Lake County, Indiana ("Lake County"), for its answer to Plaintiffs' Complaint, states as follows:

### JURISDICTION

1. This case of action for damages based upon violations of the First Amendment to the United States Constitution pursuant to 42 U.S.C. §1983 as well as related state claims.

    ANSWER: Defendant admits that Plaintiff has filed this action for damages but denies Plaintiff is entitled to any form of relief.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and 28 U.S.C. §1367.

    ANSWER: Defendant admits the allegations contained in paragraph 2.

## PARTIES

3. Plaintiff Craig Hendry is an adult resident of the Town of Farmersburg, Sullivan County, State of Indiana.

ANSWER: Defendant is without sufficient information to form a reasonable belief as to the allegations contained in paragraph 3. Therefore, those allegations are denied.

4. Plaintiff Tyler Pierce is an adult resident of the City of Linton, Greene County, State of Indiana.

ANSWER: Defendant is without sufficient information to form a reasonable belief as to the allegations contained in paragraph 4. Therefore, those allegations are denied.

5. Defendant Lake County, Indiana is a political subdivision of the State of Indiana.

ANSWER: Defendant is without sufficient information to form a reasonable belief as to the allegations contained in paragraph 5. Therefore, those allegations are denied.

6. Pursuant to I.C. §36-8-10-4, Defendant Lake County, Indiana established the Lake County Sheriff's Department, and its members are employees of Lake County, Indiana under this statute as well as I.C. §5-4-1-1.

ANSWER: Defendant is without sufficient information to form a reasonable belief as to the allegations contained in paragraph 6. Therefore, those allegations are denied.

7. Defendant Oscar Martinez was and is the Sheriff of Lake County at all times relevant and also has liability for the actions of Defendant Kraus pursuant to I.C. §5-6-1-3 and I.C. §36-2-16-3.

ANSWER: Defendant admits that Oscar Martinez is the elected Sheriff. Defendant is without sufficient information to form a reasonable belief as to the remaining allegations contained in paragraph 7. Therefore, those allegations are denied.

## GROUNDS FOR RELIEF

8. On or about June 27, 2022, Defendant Kraus was acting in his scope and capacity as deputy police officer for the Lake County Sheriff's Department at all times relevant to this claim.

ANSWER: Defendant is without sufficient information to form a reasonable belief as to the allegations contained in paragraph 8. Therefore, those allegations are denied.

9. That as part of his duties with the Lake County Sheriff's Department Defendant Kraus was required to go on calls, investigate complaints, take individuals into custody and transport individuals.

ANSWER: Defendant is without sufficient information to form a reasonable belief as to the allegations contained in paragraph 9. Therefore, those allegations are denied.

10. That on the date in question, Defendant Kraus, while acting in his capacity as a Lake County Sheriff Department's deputy police officer, came in contact with the Plaintiffs at the Lake County Government Complex located at 2293 N Main St, Crown Point, IN 46307at 6:55 a.m.

ANSWER: Defendant is without sufficient information to form a reasonable belief as to the allegations contained in paragraph 10. Therefore, those allegations are denied.

11. That at said time and place, Plaintiffs were walking near Lake County Government Complex, including the surrounding parking lots adjacent to the Lake County Sheriff Department Building.

ANSWER: Defendant is without sufficient information to form a reasonable belief as to the allegations contained in paragraph 11. Therefore, those allegations are denied.

12. Upon arrival at the parking lot near the Lake County Sheriff Department, Plaintiffs activated their video cameras and began to take video footage of the parking lot area and police vehicles parked in said parking lot.

ANSWER: Defendant is without sufficient information to form a reasonable belief as to the allegations contained in paragraph 12. Therefore, those allegations are denied.

13. Shortly after their arrival at the parking lot adjacent to the Lake County Sheriff Department, Plaintiffs were confronted by Defendant Kraus and other unidentified officers, who began to question the Plaintiffs as to their purpose in the public parking lot.

ANSWER: Defendant is without sufficient information to form a reasonable belief as to the allegations contained in paragraph 13. Therefore, those allegations are denied.

14. In response to Plaintiffs' filming in the parking lot adjacent to the Lake County Sherrif Department building, which are protected speech under the First Amendment to the United States Constitution, a verbal altercation occurred which then led to Defendant Kraus verbally attacking Plaintiffs, wrongfully arresting the plaintiffs, and depriving the Plaintiffs of liberty in direct contravention of their constitutional rights.

ANSWER: Defendant is without sufficient information to form a reasonable belief as to the allegations contained in paragraph 14. Therefore, those allegations are denied.

15. Defendant Kraus proceeded to falsely arrest the Plaintiffs and file false criminal charges against Plaintiffs which was done maliciously since Defendant Kraus was aware that no criminal activity had occurred.

ANSWER: Defendant denies the allegations contained in paragraph 15.

16. As a direct and approximate result of Defendant Kraus' actions as outlined above, Plaintiff sustained personal injuries as well as suffered severe emotional distress due to false arrest and violation of his civil rights.

ANSWER: Defendant denies the allegations contained in paragraph 16.

17. On the 27th day of June 2022, Defendants Lake County, Indiana, Joseph Kraus, individually and in the capacity as a Lake County Police Officer, Oscar Martinez, Sheriff of Lake County and Albanese Confectionery Group, Inc. were served with a Tort Claim Notice by Certified Mail.

ANSWER: Defendant is without sufficient information to form a reasonable belief as to the allegations contained in paragraph 17. Therefore, those allegations are denied.

18. At all times relevant, Defendant Kraus was a police officer and had been hired to serve in this role by the Lake County Sherriff.

ANSWER: Defendant admits Defendant Kraus was hired as a police officer. Defendant is without sufficient information to form a reasonable belief as to the

remaining allegations contained in paragraph 18.  Therefore, those allegations are denied.

19.   That Defendant, Lake County Sherriff. is responsible for the actions of its servant under a theory of *respondeat superior*.

ANSWER:   This paragraph contains a legal averment. Therefore, no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 19.

20.   That Defendant Kraus and other members of the Lake County Sheriff Department seized Plaintiffs cellular phones, which contained video footage of the Plaintiffs' actions prior to their arrest, which was exculpatory in nature.

ANSWER:   Defendant is without sufficient information to form a reasonable belief as to the allegations contained in paragraph 20.  Therefore, those allegations are denied.

21.   Despite the exculpatory evidence collected by Defendant Kraus, he still filed charges against the Plaintiffs for trespass in a public parking lot.

ANSWER:   Defendant is without sufficient information to form a reasonable belief as to the allegations contained in paragraph 21.  Therefore, those allegations are denied.

22. Even though the footage was exculpatory in nature, Defendant Kraus proceeded with the Plaintiffs' arrests anyway in contradiction of Brady v. Maryland, 373 U.S. 83 (1963).

ANSWER: Defendant is without sufficient information to form a reasonable belief as to the allegations contained in paragraph 22. Therefore, those allegations are denied.

## CAUSES OF ACTION

23. As a result of the above, the Plaintiffs' First, Fourth and Fourteenth Amendment due process rights were violated by Defendant Kraus.

ANSWER: Defendant denies the allegations contained in paragraph 23.

24. That Defendant Kraus knew at the time of the deprivation of the Plaintiff's constitutional rights that the constitution forbids such a willful deprivation of civil rights in the circumstances of this case.

ANSWER: Defendant denies the allegations contained in paragraph 24.

25. That Defendant Kraus committed battery, false imprisonment and false arrest of Plaintiffs which Defendant Lake County, Indiana, Defendant Lake County Sheriff, Oscar Martinez, and Defendant Kraus are responsible for said damages resulting from these actions based upon *respondeat superior* and the statutes cited above.

ANSWER: Defendant denies the allegations contained in paragraph 25.

26. That Defendant Kraus committed battery and/or intentional infliction of emotional distress upon the Plaintiff for which Defendant Lake County, Indiana and Defendant Lake County Sheriff, Oscar Martinez, are responsible for said damages resulting from these actions based upon *respondeat superior*, negligent hiring, negligent supervision, and negligent retention, as well as the statute cited above.

ANSWER: Defendant denies the allegations contained in paragraph 26.

27. That Defendants are liable pursuant to 42 U.S.C. §1983 for Malicious Prosecution of Plaintiffs.

ANSWER: Defendant denies the allegations contained in paragraph 27.

28. Defendants Lake County Indiana and Sheriff Oscar Martinez negligently retained, hired, supervised, and trained Defendant Kraus.

ANSWER: Defendant denies the allegations contained in paragraph 28.

WHEREFORE, Defendant, by counsel, requests that Plaintiff take nothing by way of his Complaint and that Defendant be awarded their costs and all other appropriate relief.

FROST BROWN TODD LLP

By: */s/ Anthony W. Overholt*
Anthony W. Overholt, #16481-49
111 Monument Circle, Suite 4500
P.O. Box 44961
Indianapolis, IN  46244-0961
Telephone:   (317) 237-3800
Facsimile:    (317) 237-3900
Email:          aoverholt@fbtlaw.com

Attorneys for Lake County, Indiana

**AFFIRMATIVE DEFENSES**

1. Each paragraph in the Complaint not specifically admitted or denied is hereby denied.

2. Plaintiffs have failed to state a cause of action against the County.

3. Plaintiffs' claims against Defendant are subject to and may be barred by the doctrines of: (a) contributory negligence; (b) assumption of risk; (c) incurred risk; (d) failure to avoid injury and (e) failure to mitigate damages.

4. Plaintiffs' claims under 42 U.S.C. § 1983 are not actionable because no policy custom or practice of the Defendant was a "direct cause" or "moving force" behind any of the alleged unconstitutional acts alleged in this action.

5. Plaintiffs' claims fail as the actions of the Defendant Officer(s) were pursuant to probable cause and/or arguable probable cause.

6. Some or all of Plaintiffs' claims may be barred by waiver, estoppel, res judicata, or latches.

7. Plaintiffs are barred from recovering punitive damages against the Defendant.

8. Plaintiffs' state law claims are barred to the extent they failed to meet the pre-suit notice provisions of the Indiana Tort Claims Act ("ITCA"). Ind. Code §34-13-3-1, *et seq*.

9. All state law tort claims related to any act or omission that occurred more than 180 days before delivery of a tort claim notice, are barred by the ITCA as a matter of law.

10. The damages sought by each Plaintiff for any state law claims are subject to and limited by the Indiana Tort Claims Act including, but not limited to, I.C. 34-13-3-1 and 4.

11. Plaintiffs' state law claims are subject to the aggregate limits on damages recoverable under the ITCA. See Ind. Code § 34-13-3-4(a)(1)(C).

12. Plaintiffs state law claims are subject to the common law, constitutional, and statutory privileges and immunities of Indiana law and the Indiana Tort Claims Act, I.C. 34-13-3-1, *et. seq.,* including but not limited to I.C. § 34-13-3-3(6), (7), (8), (9), (10) and (14).

13. The Plaintiffs' claims asserted in this lawsuit are subject to and may be barred, in whole or in part, under Ind. Code § 34-51-2, *et. seq.*

**Jury Demand**

Pursuant to FRCP 38, Defendant hereby demands the right to trial by jury on all issues triable before a jury.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2024, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Anthony W. Overholt*
Anthony W. Overholt

LR13013.0782486   4884-1241-4379v1