**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| CRIAG HENDRY and TYLER PIERCE, </br></br> Plaintiffs, </br></br> v. </br></br> LAKE COUNTY, et al, </br></br> Defendants. | Case No. 2:24-cv-15-PPS-AZ |

### FINDINGS, REPORT, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72-1

This matter is before the Court following an order and hearing to show cause on October 8, 2025. DE 44, 48. Prior to the hearing, I had issued an order for *pro se* plaintiff Craig Hendry to appear in person or update the Court with his current address. DE 40. This Report constitutes the Court's proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The Court recommends that District Court Judge Philip P. Simon dismiss Craig Hendry from this lawsuit as a sanction for his failures to appear or otherwise prosecute this matter, as described below.

**Background**

This case arises out of an alleged unlawful arrest of Hendry and his co-plaintiff Tyler Pierce. DE 1 at 2-3. A discovery schedule was set on April 1, 2024, and the parties proceeded through the majority of the necessary written discovery. DE 20. On

May 12, 2025, Hendry sent a letter to the Court requesting that he represent himself. DE 29. Since he was represented at the time, this filing was stricken, though his attorneys filed motions to withdraw two days later. DE 30 and 31. The attorneys appeared before the Court on June 11, 2025, and explained the breakdown in communication with Hendry and the need to withdraw. DE 36. They also informed the Court that they could no longer locate or contact Hendry. *Id.* He had previously been incarcerated in Vermillion County Jail, *see* DE 30, but had since been released or transferred. The attorneys agreed to make best efforts to locate Hendry and file a notice with the Court on his whereabouts. On June 12, 2025, they indicated Hendry was incarcerated in the Greene County Jail, but were told he may be transferred to the Sullivan County Jail. DE 37. By the time chambers staffed reached out to both jails to ascertain the correct address at which to send a forthcoming order, they learned that Hendry had been transferred to Sullivan County, but was then transferred back to Greene County and subsequently released from custody. DE 40.

On July 14, 2025, I issued an order which was sent to Greene County, Hendry's last known address, in the hope that he may have left a forwarding address there, or that he could contact the Court for access to the docket. DE 40. He was ordered to appear or update his address with the Court or else order to show cause would be issued against him. *Id.* The order also warned of the possibility of dismissal as a sanction. *Id.* At the September 11, 2025 hearing, Hendry did not appear, nor were any of the attorneys able to determine his location. DE 43. Finally, I used an order for Hendry to show cause or face possible sanctions, including his dismissal from the

2

lawsuit, on September 19, 2025. DE 44. He has failed to appear or otherwise abide by the order. DE 48.

## Analysis

Rule 41(b) allows a court to dismiss an action, upon motion, "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. Pro. 41(b). Before the district court imposes a Rule 41(b) dismissal, it must consider five factors: 1) whether the wrongdoer (or her counsel) received "due warning" that such a sanction was a possibility; 2) the frequency and magnitude of the wrongdoer's failure to comply with deadlines and other court orders; 3) the efficacy of less severe sanctions; 4) whether the misconduct prejudiced the other party or other litigants on the court's docket; and 5) the likely merits of the wrongdoer's case. *Graham v. Schomaker*, 215 F.3d 1329 (7th Cir. 2000).

In ruling on a Rule 41(b) motion, the court must take an unbiased view of all the evidence, direct and circumstantial, and accord it such weight as the court believes it is entitled to receive." *Sanders v. Gen. Servs. Admin.,* 707 F.2d 969, 971 (7th Cir. 1983) (citing *Patterson v. Gen. Motors Corp.,* 631 F.2d 476, 487 (7th Cir. 1980), *cert. denied,* 451 U.S. 914 (1981) ); *accord, Lee Tool & Mould, Ltd. v. Fort Wayne Pools, Inc.,* 791 F.2d 605, 610 n.7 (7th Cir. 1986). A Rule 41(b) dismissal is a "drastic remedy," *O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.,* 201 F.3d 948, 953 (7th Cir. 2000) and a "harsh sanction" that should "be employed only as a last resort." *Rice v. City of Chicago.*, 333 F.3d 780, 786 (7th Cir. 2003).

In this case, Plaintiff has been given multiple opportunities to prosecute his

case after he requested that his attorney be withdrawn. Though the Court cannot determine with certainty if Hendry has received the Court's orders, the Court and parties, including his prior attorneys, have made their best efforts to locate him, including delivery to his previous listed address, delivery to the jails in which he was incarcerated, and even chambers staff reaching out to those jails to determine if he left a forwarding address when he was released. He has failed to take the initiative to update his address with the Court or otherwise communicate his intent to prosecute this case. These facts alone warrant the dismissal of this case. "The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D. N.Y. 2006) (quotation marks and citation omitted). "[L]itigants, including prisoners, bear the burden of filing notice of a change of address." *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quotation mark omitted).

A court should consider the frequency and magnitude of the plaintiff's noncompliance with deadlines in evaluating a motion pursuant to Rule 41(b). *Design Basics, LLC v. Henderlong Homes LLC*, No. 2-16-CV-324-TLS, 2019 WL 1115671, at *2 (N.D. Ind. Mar. 11, 2019) (citing *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011)). Multiple missed deadlines are sufficient to warrant dismissal. *Malone v. Securitas Sec. Servs. USA, Inc.*, 669 Fed. App'x. 788, 789 (7th Cir. 2016). This reasoning is equally applicable to missed or ignored Court orders. As stated above, Hendry has failed to comply multiple Court order since his attorney withdrew, even though he originally moved for his attorneys' withdrawal from this case and

4

expressed his intent to proceed *pro se*. Despite this, he failed to communicate with the Court or the defendant.

Prejudice may arise from the mere continued existence of the suit, by tying up a defendant's time and prolonging uncertainty and anxiety. *Martinez v. County of Porter, Indiana*, 2016 WL 6996045, at *2 (N.D. Ind. Nov. 20, 2016). "Unwarranted prejudice to a defendant from keeping a suit alive is an important consideration in the choice of sanctions for dilatory behavior from the wide menu available to the district judge." *Ball v. City of Chicago*, 2 F.3d 752, 759 (7th Cir. 1993). Hendry's failure to prosecute could not be more prejudicial to the defendants, since they have not yet taken his deposition and are unable to move this case forward without his cooperation.

It is impossible to know if less severe sanctions would be effective because the Court cannot ascertain the reason for Hendry's current nonappearance. He has not contacted the Court since his last communication. Because he has not sufficiently or promptly followed court orders, this Court has no confidence that Hendry would follow any other sanction either. He was warned of his responsibilities in proceeding *pro se*, but that has failed to prompt him to prosecute his case.

The Court has little knowledge of the merits of the case because it is still in the discovery stage and there have been no substantive proceedings. It is proper, but not necessary, for a judge to consider the merits of a suit prior to dismissal. *Beeson v. Smith,* 893 F.2d 930, 931 (7th Cir. 1990).

The Court cannot ascertain why Hendry has failed to prosecute this case. The

Court and other parties have made diligent efforts to locate and contact him upon his release from incarceration. Even under the circumstances, Hendry has not been blind-sighted by the possibility of dismissal. Hendry was aware that his counsel would be dismissed; indeed he requested it. Therefore, it was incumbent upon him to take the necessary steps to pursue his claims on his own. Based on the above, the Rule 41(b) factors and subsequent prejudice to the defendant and co-plaintiff do not justify permitting the case to continue to be delayed by Hendry's absence.

## Conclusion

For the reasons discussed, the Court **RECOMMENDS** that District Court Judge Philip P. Simon **SANCTION** Plaintiff Craig Hendry by dismissing him from this lawsuit for his failures to appear or otherwise prosecute this case.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

The last address provided by Hendry's then-counsel was Greene County Jail, 204 County Road 70 E, Bloomfield, IN 47424. This Order will be sent to Hendry's last

known address and the address he previously indicated on the docket. The Court acknowledges if he is not at either address, this order is unlikely to reach him. However, it is possible he will attempt to determine the status of this case by visiting the clerk's office (if he has been released from custody) or by checking the online docket, in which case this order would alert him that he needs to take action before the harsh sanction of dismissal is imposed. In addition, if this order is returned to the clerk as undeliverable, that will serve as further confirmation he did not provide his current address. Thus, the Court believes this order is appropriate notwithstanding the likelihood that it will not reach him.

The Court **DIRECTS** the Clerk of Court to mail by certified mail a copy of this order to Craig Hendry, Greene County Jail, 204 County Road 70 E, Bloomfield, IN 47424, **and** to Craig Hendry, P.O. Box 130, Newport, IN 47966.

**SO ORDERED** this 14th day of October 2025.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT